IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS

HAROLD E.
HAWKINS, Jr.,

                    Petitioner,

            v.                              CASE NO.   09-3261-SAC

STATE OF KANSAS,
et al.,

                    Respondents.

                             O R D E R

    This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has also filed a motion for leave to proceed in forma pauperis with supporting financial documents that indicate it should be granted.

    Mr. Hawkins indicates he was found guilty by a jury in the District Court of Sedgwick County, Kansas, and convicted of aggravated assault, aggravated assault against a law enforcement officer (LEO), and criminal possession of a firearm. On September 7, 2006, he was sentenced to 63 months in prison. He directly appealed[1], and the Kansas Court of Appeals (KCOA) reversed his conviction of aggravated assault and remanded in part on July 25, 2008. However, the KCOA explicitly held that the district court would not be required to resentence Mr. Hawkins, since the reversed conviction was not the base conviction. Hawkins filed a Petition for Review in the Kansas Supreme Court, which was denied on January

---

[1] The KCOA briefly summarized Hawkins' claims as "erroneous response from the district court to a jury question, multiplicity, insufficiency of the evidence, cumulative trial errors, and sentencing errors." State of Kansas v. Hawkins, 40 Kan.App.2d 10, 188 P.3d 965 (Kan.App. 2008), rev. denied (2009 Kan.)

22, 2009. He did not seek review before the United States Supreme Court.

Petitioner alleges that he filed one state post-conviction action under K.S.A. 60-1507 claiming ineffective assistance of counsel, which was denied without a hearing. He does not provide the date of either his filing or the decision of the state district court. He additionally alleges that he is "currently awaiting a decision from the District Court" on his 60-1507 petition.

In his Petition, Mr. Hawkins claims as ground (1) a violation of due process in connection with his conviction of aggravated assault against an LEO. In support, he alleges that the "jury was misled" to his prejudice by the trial judge's statement[2]. He states that he raised this issue on direct appeal. As ground (2), he claims the same as to his aggravated assault conviction, and states he raised this issue on direct appeal. However, the state court found he raised this claim as to one of his convictions only (see Footnote 2 below). As ground (3), petitioner challenges his conviction of criminal possession of a firearm[3]. Petitioner does not allege sufficient facts to support any of the grounds set forth in his Petition.

The grounds raised in petitioner's Brief in Support should be,

---

[2] The KCOA framed this issue as: "the district court erroneously responded to a question from the jury during its deliberations". The court noted that Mr. Hawkins challenged his aggravated assault conviction on this basis, and made "no similar challenge to his remaining convictions."

[3] In support of his challenge to his firearm conviction, Mr. Hawkins alleges the State presented "fabricated evidence" and "false testimony" by Phommachanh concerning the handgun. He further alleges that the crime lab report and ballistic report "show that the petitioner is in fact not guilty of criminal possession of a firearm." These allegations are completely conclusory, and as such are not sufficient to state grounds for habeas corpus relief.

but are not, identical to those set forth in the Petition. They are the same claims Mr. Hawkins raised on direct appeal: (1) the trial court erred when it improperly answered a question from the jury concerning the aggravated assault charge; (2) petitioner was subjected to double jeopardy when the State proceeded on two counts of aggravated assault based on a single wrongful act against a single victim; (3) there was insufficient evidence to find petitioner guilty of aggravated assault, and aggravated assault of the same victim as an LEO; (4) the court committed reversible error when it sentenced Hawkins to the aggravated term in each grid box, citing <u>Cunningham v. California</u>, 549 U.S. 270 (2007); (5) the court violated <u>Apprendi</u> when it sentenced petitioner to a higher sentence based on his criminal history, which was not proved to the jury; and (6) cumulative error deprived petitioner of a fundamentally fair trial.

The court finds that this habeas corpus Petition is deficient in two main respects. First, Mr. Hawkins does not separately list and present all his claims in his Petition. Second, he does not show that he has fully and properly exhausted all available state court remedies on each and every claim that he seeks to have reviewed in federal court. In order to have fully exhausted state court remedies, he must have already presented each and every claim to the highest state court either by way of direct appeal or in proper post-conviction proceedings. If petitioner had carefully and correctly utilized the forms to present all his claims and answered all questions completely and fully, these deficiencies might not

need to be addressed at this time[4].

The court finds petitioner must file an Amended Petition that sets forth every claim he wishes to raise in federal court. If he has more claims than there are spaces for claims on the forms, he may include additional pages numbering each additional claim consecutively and providing answers to each question asked on the form with regard to every additional claim. If petitioner's claims are, as the court suspects, all those raised in his Petition and all those discussed in his Brief in Support, Mr. Hawkins must include all those claims in his Petition.

The court further finds that petitioner must show full and proper exhaustion of every claim raised in his Amended Petition by providing answers to the questions on the forms which ask whether or not he raised each claim on direct appeal and/or in any post-conviction motion. 28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Id. "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied

---

[4] Petitioner is cautioned that the time during which a premature federal habeas corpus petition is pending does not toll the one-year statute of limitations for filing a federal habeas petition. Only a properly pending state habeas corpus action, that pertains to the challenged convictions or sentence, may have such a tolling effect. In addition, if the instant federal Petition is ultimately dismissed without prejudice for failure to exhaust, Mr. Hawkins must exercise diligence to file his federal habeas petition within the one-year limitation period applicable under the facts of his case. The court expresses no opinion as to time, if any, remaining in the limitations period in this case. Information is provided on the statute of limitations in the § 2254 forms.

unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). If petitioner did not pursue a particular issue all the way to the Kansas Supreme Court on direct appeal, he must have presented it in a post-conviction motion filed in the state trial court; if relief was denied by that court he must have appealed that claim to the Kansas Court of Appeals; and if that court denied relief he must have filed a Petition for Review in the Kansas Supreme Court.

Mr. Hawkins is forewarned that he may only file and proceed on one federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2006 state convictions and sentence. Federal law generally prohibits the filing of a second or successive § 2254 petition in federal court. See 28 U.S.C. §2244(b)(3)(A). It follows that he may not proceed in federal court now on claims that are exhausted, and then simply file a second federal petition raising other claims after they are exhausted. Instead, he must exhaust all claims he may have in the state courts before he proceeds at all in federal court. Piecemeal habeas corpus litigation is not allowed in federal court, without special authorization in very limited circumstances.

If the 60-1507 petition that Mr. Hawkins alleges he has currently pending involves challenges to his 2006 criminal convictions or sentence, then petitioner has not completed

5

exhaustion of his state court remedies.  Exhaustion is not complete because he might actually obtain relief from his state convictions or sentence in state court, and thus should not yet be proceeding in federal court.  Similarly, if he has raised claims in the instant Petition that are not exhausted, this action must be dismissed.

Petitioner shall be given twenty (20) days in which to file an "Amended Petition" that includes every challenge he has to his 2006 convictions and sentence clearly numbered in the Petition and attached similar pages.  The Amended Petition must also show that every claim raised therein has already been presented to the trial court, the Kansas Court of Appeals, and the Kansas Supreme Court either on direct appeal or by way of state post-conviction proceedings.  This should be accomplished if Mr. Hawkins fully answers the questions on exhaustion in the form with respect to each claim in his Petition.  Petitioner must use forms provided by the court to file his Amended Petition, must write the number of this case in the caption of the Petition, and should write the word "Amended" at the top of the first page of his new petition.  If Mr. Hawkins fails to file an "Amended Petition" as ordered within the time allotted, this action may be dismissed without prejudice and without further notice for failure to show full exhaustion of state court remedies on all his claims.

**IT IS THEREFORE ORDERED** that within twenty (20) days, petitioner must file an "Amended Petition" in which he sets forth and separately numbers every claim he intends to present, states facts to support each claim, and shows full exhaustion of all available state court remedies on each and every claim.

**IT IS FURTHER ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 3) is granted.

The clerk is directed to transmit § 2254 forms to petitioner.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2010, at Topeka, Kansas.

<pre>
                                s/Sam A. Crow
                                U. S. Senior District Judge
</pre>