IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HAROLD E.
HAWKINS, Jr.,

        Petitioner,

        v.                    CASE NO.   09-3261-SAC

STATE OF KANSAS,
et al.,

        Respondents.

### O R D E R

On January 12, 2010, this court entered an Order finding the habeas corpus petition filed in this action pursuant 28 U.S.C. § 2254 was deficient for reasons stated therein. The court required Mr. Hawkins to file an Amended Petition setting forth every claim he wishes to raise in federal court and showing full and proper exhaustion of every claim raised in his Amended Petition by providing answers to the questions on the forms which ask whether or not he raised each claim on direct appeal and/or in any post-conviction motion.

Petitioner has filed an Amended Petition. However, rather than setting forth all claims previously mentioned in his original petition and memorandum, he sets forth only two grounds. In his Amended Petition, Mr. Hawkins again claims as ground (1) a violation of due process in connection with his conviction of aggravated assault against a law enforcement officer. In support, he alleges that the "jury was misled" to his prejudice by the trial

judge's erroneous jury instruction[1]. He states that he raised this issue on direct appeal. However, as the court previously pointed out, the KCOA found on his direct appeal, that he presented this claim as a challenge to his aggravated assault conviction, but made "no similar challenge as to his remaining convictions". The court thus finds that Mr. Hawkins has not exhausted this claim.

As ground (2) in his Amended Petition, Mr. Hawkins challenges his conviction of criminal possession of a firearm[2]. In support of this claim, he now alleges there was no physical evidence to support his use of a hand gun. The court finds from the Appellant's Petition for Review and the opinion of the Kansas Court of Appeals on direct appeal, both of which are attached to the Petition, that Mr. Hawkins did not raise on direct appeal the claim that there was insufficient evidence to find him guilty of criminal possession of a firearm.

Petitioner alleges in his Amended Petition that he filed one state post-conviction action under K.S.A. 60-1507 claiming ineffective assistance of counsel, which was denied without a hearing. He does not provide the date of either his filing or the decision of the state district court. He additionally alleges that he is "currently awaiting a decision from the District Court" on

---

[1] The KCOA framed this issue as: "the district court erroneously responded to a question from the jury during its deliberations".

[2] In his original petition Mr. Hawkins alleged in support of this claim that the State presented "fabricated evidence" and "false testimony" by Phommachanh concerning the handgun. He further alleged that the crime lab report and ballistic report "show that the petitioner is in fact not guilty of criminal possession of a firearm."

2

his 60-1507 petition.

The court concludes from the foregoing that petitioner has not exhausted state court remedies on either ground in his Amended Petition, and this action must be dismissed, without prejudice, as a result. The court finds this action must be dismissed for failure to exhaust for an additional reason. Also in his Amended Petition, Mr. Hawkins alleges he has pending in Sedgwick County District Court (citing Case No. 09-CV-4001) a post-conviction motion filed pursuant to K.S.A. 60-1507, in which he claims ineffective assistance of counsel. His responses to other questions indicate he is being represented by counsel, Michael Brown, in the state post-conviction proceedings.

Mr. Hawkins was informed in the court's prior order, and is again reminded, that before he may proceed in federal court he must have fully and properly exhausted all available state court remedies on each and every claim that he seeks to have reviewed in federal court. In order to have fully exhausted state court remedies, he must have already presented each and every claim to the highest state court either by way of direct appeal or in proper post-conviction proceedings.[3]  28 U.S.C. 2254(b)(1).  "A state prisoner must give the state courts an opportunity to act on his

---

[3] Petitioner is again cautioned that the time during which a premature federal habeas corpus petition is pending does not toll the one-year statute of limitations for filing a federal habeas petition. Only a properly pending state habeas corpus action, that pertains to the challenged convictions or sentence, may have such a tolling effect. Mr. Hawkins must exercise diligence to file any future federal habeas petition within the one-year limitation period applicable under the facts of his case, after he has exhausted all state court remedies on all his claims. The court expresses no opinion as to time, if any, remaining in the limitations period in this case.

3

claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Petitioner did not present ground (1) or ground (2) in his Amended Petition, or his claim of ineffective assistance of counsel on direct appeal. It follows that he must present these three claims in a post-conviction motion in the state trial court; if relief is denied by that court he must appeal raising the same claims to the Kansas Court of Appeals; and if that court denies relief he must raise the same claims by Petition for Review in the Kansas Supreme Court. He should consult with his post-conviction counsel and make sure he raises these claims in those proceedings. He could provide him with a copy of this Order.

The court also repeats that Mr. Hawkins must exhaust all challenges he has to his 2006 convictions in the state courts before he proceeds in federal court, because piecemeal habeas corpus litigation is not allowed in federal court.

**IT IS THEREFORE ORDERED** that this action is dismissed for failure to exhaust state remedies, without prejudice, to petitioner

filing a new federal habeas corpus petition once he has fully exhausted state court remedies on all his claims.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2010, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge